UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL CASE NO. 18-53-DLB-MAS-1**

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

v.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**QUINN R. TURNER**                                                **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the February 13, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett wherein he recommends Plaintiff's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. # 309), be dismissed with prejudice. (Doc. # 323). Defendant having filed his Objections (Doc. # 324), and the United States having filed its Response (Doc. # 326), the R&R is now ripe for review. Also pending before the Court is Defendant's Motion to Grant Page Enlargement as to the Objections (Doc. # 325), and Defendant's Motion for Partial Disqualification of the undersigned (Doc. # 312). For the reasons stated below, the R&R is **adopted,** Defendant's § 2255 Motion is **denied with prejudice**, Defendant's Motion to Grant Page Enlargement is **granted,** and Defendant's Motion for Partial Disqualification is **denied**.

**I.**      **BACKGROUND**

Defendant Turner was charged with four counts: (1) conspiracy to distribute 50 grams or more methamphetamine in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams or more methamphetamine in violation of 21 U.S.C. §

1

841(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. # 56) (second superseding indictment). On September 18, 2020, Defendant was convicted of all four counts after a three-day jury trial. (Doc. # 207). On April 9, 2021 Defendant was sentenced to a total term of 300 months of imprisonment. (Doc. # 261). Defendant appealed, and on July 12, 2022, the Sixth Circuit affirmed both his conviction and sentence. (Docs. # 299 & 299-1).

On September 22, 2023, Defendant timely filed the pending motion to vacate. (Doc. # 309). In his motion, Defendant asserts six grounds for relief. (*Id.*). In Grounds One, Two, Three, and Five Defendant asserts various allegations of trial counsel's ineffective assistance of counsel. (*Id.*). In Ground Four, Defendant asserts that appellate counsel was ineffective. (*Id.*). Finally, in Count Six, Defendant challenges the constitutionality of his 18 U.S.C. 922(g)(1) conviction. (*Id.*). Magistrate Judge Stinnett considered each of the six grounds for relief and recommended Defendant's Motion be denied. (Doc. # 323). Defendant submitted Objections to each finding by the Magistrate Judge (Doc. # 324), to which the United States has responded. (Doc. # 326). Pending before the Court is also Defendant's "Motion for Partial Disqualification of U.S. District Court David L. Bunning." (Doc. # 312). The Court will consider Defendant's Objections to the R&R before turning to the Motion for Disqualification.

II.     **DISCUSSION**

   A.     **Standard of Review**

A district court reviews recommendations of the magistrate judge *de novo*. 28 U.S.C. § 636(b)(1)(C). Under Federal Rule of Criminal Procedure 59(b)(1)(2), following

a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Pro se petitions are construed liberally by the court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

"[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Hopper*, No. CIV.A. 13-7267-DLB, 2013 WL 6621123, at *1 (E.D. Ky. Dec. 16, 2013) (quoting *VanDiver v. Martin*, 304 F.Supp.2d 934, 938 (E.D. Mich. 2004)). Additionally, "[o]bjections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd sub nom. Holl v. U.S. Postal Serv.,* 506 F. App'x 428 (6th Cir. 2012). Therefore, the Court will only consider Defendant's objections to the extent they raise specific "potential errors in the Magistrate Judge's Report and Recommendation." *Hopper*, 2013 WL 6621123, at *1.

**B.     Defendant Turner's Objections**

*1.     Ground One: Mens Rea Alleged in Indictment*

Defendant objects to Magistrate Judge Stinnett's conclusion that trial counsel was not ineffective for failing to argue that the Second Superseding Indictment in which

Defendant was charged was defective.  Defendant argues in his 2255 Motion that the Second Superseding Indictment was defective because the charge of Conspiracy in Count One did not include the mens rea element.  (Doc. # 309 at 4-5).  In his Objection, Defendant specifically takes issue with the Magistrate Judge's reliance on *Ruan v. United States* in his analysis of Ground One, arguing *Ruan* is distinguishable and not controlling here.  (Doc. # 324 at 3).  While Defendant is correct that *Ruan* involved a physician acting in an unauthorized manner, which Defendant is not, Defendant is incorrect as to *Ruan's* applicability here.  Judge Stinnett cited *Ruan* for the proposition that although at trial the prosecution would need to prove the defendant acted in an unauthorized manner, "the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment."  (Doc. # 323 at 6) (quoting *Ruan v. United States,* 142 S.Ct. 2370, 2379 (2022)).  In other words, the government was not required to include the mens rea element in the indictment.

    This Court's recent decision in *United States v. Fletcher* is also applicable.  No. 21-cr-63-DLB, 2023 WL 4097026 (E.D. Ky. June 20, 2023).  In *Fletcher*, a physician charged with violating 21 U.S.C. § 841, the defendant sought dismissal of the indictment because he claimed the United States had not included the mens rea element in the indictment, exactly as Defendant is arguing here.  This Court concluded the United States was not required to allege the associated mens rea in the indictment.  *Id.*  As noted by Magistrate Judge Stinnett in the R&R, this holding is consistent with Sixth Circuit rulings.  (*See* Doc. # 323 at 7) (citing *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992)).  An indictment will be found to have sufficiently alleged the requisite mens rea by citing the relevant statue, just as the indictment did here.  *See Martinez*, 981 F.2d 867, 872.

The remainder of Defendant's arguments regarding the language in his indictment were addressed in full by the Magistrate Judge as being meritless. Trial counsel was not ineffective for failing to raise meritless arguments. *See United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002). Therefore, this Objection is **overruled**.

### 2. *Ground Two: Constructive Amendment/Variance*

Defendant objects to Magistrate Judge Stinnett's conclusion that counsel was not ineffective for failing to object to the jury instructions during Defendant's trial. (Doc. # 324 at 13). Defendant argues in his 2255 Motion that trial counsel should have objected when the court instructed the jury that Count one required proof that Defendant "knowingly and voluntarily joined the conspiracy" because this constituted a constructive amendment and/or variance in this case. (Doc. # 309 at 7). As noted by Magistrate Judge Stinnett, this argument is an extension of Defendant's argument in Ground One regarding the language "knowingly and intentionally." (Doc. # 323 at 10). In the Objection before the Court, Defendant states that "it appears the U.S. Magistrate Judge did not read [Defendant's] 2255 Reply Brief . . . as [Defendant] clearly articulates how the Sixth Circuit Ruling in *McReynolds*, 964 F.3d 555, 561-62 (6th Cir. 2020), is distinguishable." (Doc. # 324 at 12).

Contrary to Defendant's Objection, Magistrate Judge Stinnett did consider the *McReynolds* case in his analysis of this issue. (*See* Doc. # 323 at 10-11). The *McReynolds* court held that although the indictment did not include the mens rea element to the charged crime, including that element within the jury instructions did not constructively amend the indictment. *See United States v. McReynolds*, 964 F.3d 555, 562 (6th Cir. 2020). Magistrate Judge Stinnett concluded that Defendant's argument that

5

the jury instructions in his trial constructively amended his indictment is similarly foreclosed here. (*Id.* at 11). The Court agrees. And as noted in the Objection itself, Defendant does not present any additional arguments not already raised before the Magistrate Judge. Therefore, this objection is **overruled**.

### 3.  Ground Three: Special Verdict Form

Defendant objects to Magistrate Judge Stinnett's conclusion that counsel was not ineffective for failing to request a Special Jury Verdict Form. (Doc. # 324 at 17). Judge Stinnett concluded:

> [W]ith Turner, the only legal necessity is that jury instructions include a question asking if Turner had "50 grams or more of methamphetamine" as that would trigger a higher statutory ceiling for sentencing. [DE 207, Page ID# 785-86 (Verdict Form)]. "A conspiracy conviction 'does not mean that a jury need return a special verdict describing the precise amount of drugs involved in the conspiracy. It is enough that the jury supportably determines, beyond a reasonable doubt, that the conspiracy involves a drug quantity that surpasses the threshold amount.'" *United States v. Grooms*, 194 Fed. App'x 355, 364 (6th Cir. 2006) (quoting *Derman v. United States*, 298 F.3d 34, 43 n. 4 (1st Cir. 2002)).

(Doc. # 323 at 13).

Defendant argues that "his ex-lawyer could have requested a Special Jury Verdict Form Interrogatories in which request [sic] the Jury to find the minimum threshold amount to trigger an [sic] mandatory minimum sentence and also the maximum drug quantity amount." (Doc. # 324 at 17) (citing *United States v. Leontaritis*, 977 F.3d 447, 454 (5th Cir. 2020)). This is the same argument Defendant presented to, and was considered by and properly rejected by Magistrate Judge Stinnett. Therefore, this Objection is **overruled**.

6

### 4. *Ground Four: Appellate Counsel*

Defendant objects to Magistrate Judge Stinnett's conclusion that appellate counsel was not ineffective for failing to raise claims that did not have merit. Defendant argues the proper standard of review is whether Grounds One, Two, and Three presented a reasonable probability that the claims would have changed the result of Defendant's direct appeal. (Doc. # 324 at 21) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). These claims are not meritorious and so, even applying this standard, do not present a reasonable probability that raising them on appeal would have changed the result of the appeal for the reasons set forth in this Order and in the R&R as to Grounds One, Two, and Three. Therefore, this Objection is **overruled**.

### 5. *Ground Five: Scope of Appellate Review*

Defendant objects to Magistrate Judge Stinnett's conclusion that trial counsel was not ineffective when he filed a Notice of Appeal on Defendant's behalf. Defendant argues that trial counsel rendered deficient performance because counsel did not specifically state he was appealing "the entire judgment" and rather only appealed "the final judgment." (Doc. # 324 at 21). Defendant argues this distinction resulted in the Sixth Circuit Court of Appeals not having jurisdiction to conduct an appellate review of his Motion for New Trial. (*Id.*). As noted by both Magistrate Judge Stinnett and the United States, "the law is well settled that an appeal from a final judgment draws into questions all prior non-final rulings and orders." *McLaurin v. Fischer*, 768 F.2d 98, 101 (6th Cir. 1985). Defendant's counsel was not ineffective on this basis because the notice effectively encompassed appellate review of Defendant's Motion for New Trial. Therefore, this Objection is **overruled**.

### 6.   *Ground Six:* **Bruen** *Challenge*

Defendant objects to Magistrate Judge Stinnett's conclusion that Defendant's 922(g)(1) conviction is not rendered unconstitutional by *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022).  Magistrate Judge Stinnett conducted an extensive analysis of the current state of this law in the Sixth Circuit as well as across other circuits in reaching this conclusion.  (*See* Doc. # 323 at 15-17).  The Court agrees with that analysis.  Defendant raises no new arguments in his Objection.  Therefore, this Objection is **overruled**.

### 7.   *Certificate of Appealability*

Defendant argues that in the alternative, a Certificate of Appealability should issue because whether *Bruen* renders his conviction under 922(g)(1) unconstitutional is still an "open question" in this Circuit.  (Doc. # 324 at 24) (citing *Powell v. United States*, 2022 U.S. App. LEXIS 24058, at* 4 (6th Cir. 2022)).  However, courts in this Circuit have consistently rejected challenges to 922(g)(1) convictions.  (*See* Doc. # 323 at 15-17) (collecting cases).  Therefore, reasonable jurists would not debate that Defendant's 922(g)(1) conviction is constitutional.  *See United States v. Davis*, No. 5:19-cr-159-DCR, 2022 WL 18587703 (E.D. Ky. Dec. 29, 2022).

### C.   **Motion to Disqualify**

Defendant has moved to disqualify the undersigned pursuant to 28 U.S.C. § 455(a), which allows for disqualification of any judge "in any proceeding in which his impartiality might reasonably be questioned."  A judge "must recuse himself only 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'"  *Kemp v. United States*, 52 F. App'x 731, 733–34 (6th Cir. 2002)

(quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990)) (internal quotation marks and citations omitted). "The judge need not recuse himself under § 455(a) based on the subjective view of a party, no matter how strongly that view is held." *Id.* (citing *Sammons*, 918 F.2d at 599).

Defendant only presents his subjective view as the reason for disqualification. Defendant argues he "has a feeling based upon the comments made by this Court at sentencing that a personal bias exists preventing the Court from adjudicating his 2255 Motion to Vacate in a fair, unbiased and completely impartial" way. (Doc. # 312 at 2). In support of this assertion, Defendant quotes a large portion of the transcript from sentencing and states in his attached affidavit that:

> it appears that this Court possess ill-feelings towards me due to me being convicted of Methamphetamine case and as the result of the fact that, I did not cooperate and give up a Supplier and the Court stated upon the record if I were to prevail on appeal that my federal sentence would remain the same, thus, these comments and the look this Court gave me during my Jury Trial and during the Sentencing Hearing has lead me to reasonably believe that a personal bias and a judicial bias exists in the situation herein.

(Doc. # 312 at 19). These statements regarding the undersigned's statements during the sentencing hearing are insufficient to show bias. *See United States v. Gallion*, No. CR.A. 07-39 (WOB), 2007 WL 2746657, at *4 (E.D. Ky. Sept. 19, 2007) (*citing Liteky v. United States*, 510 U.S. 540, 555-56 (1994)) ("As the Supreme Court held in *Liteky*, however, judicial rulings and judicial remarks, even hostile ones, almost never constitute a valid basis for a bias or partiality motion.").

Defendant presents no additional facts that may show an improper bias stemming from extrajudicial sources. *See United States v. Hubbard*, No. CR 5:15-104-DCR, 2021 WL 1432215, at *1 (E.D. Ky. Apr. 15, 2021) ("as used in Sections 144 and 455, 'bias or

9

prejudice' refers only to *improper* biases and prejudices that generally stem from *extrajudicial* sources.") (emphasis in original). Considering the sentencing transcript and record before the Court, the Court concludes a reasonable, objective person would not question the impartiality of the undersigned. Therefore, this Motion is **denied**.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Magistrate Judge Stinnett's Report and Recommendation (Doc. # 323) is hereby **ADOPTED** as the findings of fact and conclusions of law;

(2) Defendant Turner's Motion to Grant Page Enlargement as to R&R Objections (Doc. # 325) is hereby **GRANTED;**

(3) Defendant Turner's Objections (Doc. # 324) are hereby **OVERRULED**;

(4) Defendant Turner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 309) is hereby **DENIED WITH PREJUDICE**;

(5) Defendant Turner's Motion for Partial Disqualification (Doc. # 312) is hereby **DENIED**;

(6) No Certificate of Appealability shall issue;

(7) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(8) A Judgment shall be entered contemporaneously herewith.

This 5th day of June, 2024.



Signed By:
*David L. Bunning*  DB
**United States District Judge**